UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KRIS SERGENTAKIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-11101-DHH |
| SHAWN CHANNELL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

January 12, 2017

**<u>ORDER</u>**

Hennessy, M.J.

Plaintiff Kris Sergentakis has submitted to the Court what is, in effect, a Motion for Entry of Default[1] pursuant to Fed. R. Civ. P. 55(a) (Docket #17) and a related request (Docket #20), both of which this Order addresses. Plaintiff's motions (Docket #17 and #20) are DENIED for the reasons set forth herein.

Docket entries nos. 17 and 20 are premised on the contention that the named Defendants in this matter have failed to answer or otherwise file a responsive pleading to the Complaint (Docket #1) and, accordingly, a default should be entered against them. As a preliminary matter, a default cannot be entered unless the court has both personal and subject-matter jurisdiction over

---

[1] Although Plaintiff's motion seeks a default judgment (see Docket #17), this Court treats the motion as seeking a default because the entry of a default is a condition precedent to a default judgment. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in [Fed R. Civ. P. 7(a)], entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (2d ed. 1983)).

the parties against whom the default judgment is sought.  See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2008).  The court, of course, cannot have personal jurisdiction if service of process has not been properly effectuated.  See id. ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.") (footnote omitted); see also Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (citing Fed. R. Civ. P. 55(a)).

Here, the record contains no affirmative indication[2] that service of process was effectuated as to any of the parties named in the Complaint.  (Docket #1).  The record shows, in fact, that summonses were returned as unexecuted as to at least one Defendant against whom the Plaintiff seeks a default.  (See Docket #19).  Thus, Plaintiff's Motion for Entry of Default (Docket #17) and the related request (Docket #20) must be denied.

On a related note, pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The complaint here was filed on June 28, 2016 (Docket #1), and on July 15, 2016, Plaintiff was granted leave to proceed in forma pauperis, (Docket #5).  Because the named Defendants have not yet been served, Rule 4(m) provides a basis

---

[2] As I previously noted on August 31, 2016 in the Order denying the Motion for Leave to File One Exhibit, the Plaintiff's submissions (Docket #9 and #13-2) seeking to memorialize his own attempts at service—despite proceeding in forma pauperis—appear not to satisfy Fed. R. Civ. P. 4.  (Docket #14 at 2).

2

for a dismissal of the instant action without prejudice.  Although it is well beyond the 90 days for service upon the Defendants, I recognize the difficulties associated with service in this case and, rather than dismiss the case without prejudice, I will extend the Plaintiff's time to effectuate service on the Defendants until March 13, 2017—that is, 60 days after the entry of this Order.  If service is not made on or before March 13, 2017, the action will be dismissed without prejudice as to each Defendant not served.

      For the foregoing reasons, the Motion for Entry of Default (Docket #17) and the related request (Docket #20) are DENIED as set forth in this Order and Plaintiff is granted an extension of time until March 13, 2017 to effectuate service.

                                              */s/ David H. Hennessy*
                                              David H. Hennessy
                                              United States Magistrate Judge