UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRIS SERGENTAKIS )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>SHAWN CHANNELL, et al. )<br>)<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 16-11101-DHH |

**August 23, 2017**

**ORDER**

Hennessy, M.J.

Defendant Dr. Shawn Channell has moved to dismiss pro se Plaintiff Kris Sergentakis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and for failure to state a claim upon which relief may be granted. (Docket #27). Sergentakis filed an opposition thereto. (Docket #29). These matters are now ripe for adjudication. In consideration of the foregoing submissions and for the reasons that follow, Defendant Channell's Motion to Dismiss (Docket #27) is GRANTED and Sergentakis's complaint is DISMISSED WITHOUT PREJUDICE.

I.     PROCEDURAL BACKGROUND

Sergentakis initiated this action by filing a complaint on June 28, 2016, (Docket #1), and was later granted leave to proceed in forma pauperis. (Docket #5). On October 6 and

November 17, 2016, Sergentakis filed what I construed as Motions for Entry of Default. (Docket #17 and #20). I denied both motions for failure to show proof of service as to any named Defendant. (Docket #24). On February 3, 2017, Defendant Channell individually filed a Motion to Dismiss Plaintiff's complaint. (See Docket #28 at 7). On February 27, 2017, Sergentakis filed an opposition to that motion. (Docket #29).

II. FACTUAL BACKGROUND

The instant case stems from an alleged interaction between Sergentakis and Defendant Channell—a forensic psychologist at the Federal Medical Center in Devens, Massachusetts ("FMC Devens")—during a psychological evaluation ordered by Judge Nelson Stephen Roman of the United States District Court for the Southern District of New York. (See Docket #1); United States v. Sergentakis, Docket No. 15-cr-00033-NSR (S.D.N.Y. Jan. 20, 2015) (S.D.N.Y. ECF No. 31). That evaluation was ordered to determine whether Sergentakis was competent to stand trial in connection with the criminal charges pending against Sergentakis for witness retaliation and cyberstalking. See United States v. Sergentakis, No. 15 Cr. 33(NSR), 2015 U.S. Dist. LEXIS 77719, at *1-7 (S.D.N.Y. June 15, 2015).

Judge Nelson Stephen Roman first ordered Sergentakis to undergo a competency evaluation on August 18, 2015. United States v. Sergentakis, Docket No. 15-cr-00033-NSR (S.D.N.Y. Jan. 20, 2015) (S.D.N.Y. ECF No. 31). In October of 2015, that Court found Sergentakis to be suffering from delusional disorder, and therefore committed Sergentakis to the custody of the Attorney General of the United States for hospitalization to determine whether he could be restored to competency pursuant to 18 U.S.C § 4241(d). (S.D.N.Y. ECF No. 41).

Sergentakis was eventually transferred to FMC Devens, where he met with Defendant Channell on April 7, 2016 in the office of Lisa Britton. (Docket #1 at 3). During that

interaction, Sergentakis contends that Dr. Channell told him the following: "unless you plead guilty you will be civilly committed for 10 years. Unless you plead guilty we can forcibly medicate you with mind altering drugs. If you do not reveal privileged information regarding how you will defend yourself at trial I will be forced to report you incompetent." (Docket #1 at 3). Sergentakis filed the instant complaint on June 28, 2016. (Docket #1). Thereafter, Sergentakis appears to have attempted to file various exhibits, which include various requests to staff and, notably, a Request for Administrative Remedy, dated July 22, 2016. (See Docket #10). Sergentakis also filed two motions for leave to admit exhibits, which I denied. (Docket #14).

III.   STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)). Materials attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. Trans-Spec Truck Serv. v. Caterpillar, 524 F.3d 315, 321 (1st Cir. 2008). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76,

84 (1st Cir. 2008) (quotations and alterations omitted). "[L]egal labels and conclusions," however, are to be "isolate[d] and ignore[d]." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012); cf. Haag v. United States, 736 F.3d 66, 69 (1st Cir. 2013) ("Although we view all well-pleaded facts in the light most favorable to the non-moving party, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'") (quoting Iqbal, 556 U.S. at 678).

A court must apply "an even more liberal standard" where, as here, the plaintiff is proceeding pro se. Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 3 (D. Mass. 2004). To that end, "[p]ro se pleadings are construed liberally, to avoid inappropriately stringent rules and unnecessary dismissals." Bourne v. Arruda, No. 10-cv-393-LM, 2011 U.S. Dist. LEXIS 62332, at *8 (D.N.H. June 10, 2011). This is not to suggest, however, that pro se litigants are not held to any standard at all. See Solomon v. Khoury, No. 16-10176, 2017 U.S. Dist. LEXIS 20670, at *9 (D. Mass. Feb. 13, 2017) ("While the 'First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers . . . this cannot be taken to mean that pro se complaints are held to no standard at all.'") (quoting Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985)).

IV. ANALYSIS

Defendant Channell contends that Sergentakis's complaint should be dismissed "first, because the plaintiff did not exhaust available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a); second, because as to Ms. Britton, the plaintiff has not alleged personal misconduct; and third, because as to Dr. Channell, Sergentakis has not alleged conduct giving rise to a constitutional deprivation." (Docket #28 at 1).

As a preliminary matter, I note that Defendant Channell has individually filed the Motion to Dismiss Plaintiff's complaint. (See Docket #28 at 7) ("Sergentakis has not yet served

4

Ms. Britton, and the instant motion is filed solely by Dr. Channell."). Because this motion is filed by Defendant Channell only, I find that he does not have standing to contest the sufficiency of the allegations relative to Lisa Britton, and therefore I do not consider those arguments. Notwithstanding, I nonetheless dismiss without prejudice any and all claims made against purported Defendant Britton. In my Order denying Plaintiff's Motions for Entry of Default on January 12, 2017, I gave Sergentakis an extension of time to serve the named Defendants and indicated that "[i]f service is not made on or before March 13, 2017, the action will be dismissed without prejudice as to each Defendant not served." (Docket #24 at 3). Because Sergentakis has not yet caused Ms. Britton to be served, the action is dismissed as to Britton. (See generally Docket #1 - #39) (absence of indication of service upon Britton or waiver thereof).

   A.   PLRA – Definition of "Prisoner"

I next address the applicability of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust administrative remedies before bringing suit in the district court. Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In enacting the PLRA, Congress sought to reduce the quantity, and improve the quality, of prisoner lawsuits. See Porter v. Nussle, 534 U.S. 516, 524 (2002). To that end, the PLRA requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other Federal law if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." See 42 U.S.C. § 1997e(c)(1).

The Supreme Court made clear in Porter that the term "prison conditions" in the PLRA is expansive, including "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. That inclusivity, the Court reasoned, is consistent with "the PLRA's dominant concern to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court." Id. at 528.

The PLRA, and its accompanying administrative remedy exhaustion requirement, applies only to "prisoner[s]," who are defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

Although Defendant Channell's Motion to Dismiss refers to Sergentakis as being civilly committed, at all relevant times in the instant case, Sergentakis was detained for purposes of undergoing a competency evaluation in connection with the criminal charges he faces in the Southern District of New York. See United States v. Sergentakis, Docket No. 15-cr-00033-NSR (S.D.N.Y. Jan. 20, 2015) (S.D.N.Y. ECF No. 31). Because Sergentakis was being detained in a facility after having been "accused of . . . violations of criminal law," I find that he is a "prisoner" for purposes of the PLRA. 42 U.S.C. § 1997e(h). Although the First Circuit has not yet determined this issue, I note that that finding is consistent with those of several other courts in assessing situations analogous to that here. See Banks v. Hornak, No. 16-6981, 2017 U.S. App. LEXIS 11416, at *10 (4th Cir. June 27, 2017) (rejecting petitioner's claim that he was not a 'prisoner' because he was in federal custody for treatment of mental illness while criminal charges against him remained pending); Holbach v. N.D. State Hosp., No. 3:13-cv-95, 2014 U.S. Dist.

LEXIS 40117, at *3 (D.N.D. Feb. 20, 2014) (concluding that detainee confined in connection with competency evaluation was a pretrial detainee and therefore a "prisoner" for purposes of the PLRA); Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) ("Pretrial detainees are 'prisoners' for purposes of the PLRA because they are in custody while 'accused of . . . violations of criminal law'") (quoting 28 U.S.C. § 1915(h)); Ruston v. Church of Jesus Christ of Latter-Day Saints, No. 2:06-CV-526, 2007 U.S. Dist. LEXIS 59590, at *1 (D. Utah Aug. 13, 2007) (holding that individuals confined pending a determination of mental competency to stand trial are pretrial detainees subject to the requirements of the PLRA).

  B. Exhaustion of Administrative Remedies

Having determined that Sergentakis is a "prisoner," and thus subject to the exhaustion requirement, I turn next to Defendant Channell's argument that Sergentakis has not exhausted available administrative remedies before filing the instant suit.

As the Supreme Court made clear in Jones v. Bock, 549 U.S. 199, 216 (2007), an alleged "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." In so concluding, the Court rejected the proposition that the failure to exhaust administrative remedies was part of the Court's "screening process" of prisoner complaints. See Jones, 549 U.S. at 212-14 (stating that "[a]lthough exhaustion was a 'centerpiece' of the PLRA, failure to exhaust was notably not added in terms to [the] enumeration" of the four grounds warranting dismissal in screening process) (internal citation omitted).

Despite not being part of that screening process, such an argument can nonetheless be raised as an affirmative defense where the allegations in the complaint suffice to establish that a prisoner has failed to exhaust administrative remedies. See Jones, 549 U.S. at 215 (citing Leveto

7

v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face") (internal quotation marks omitted)); Jones, 549 U.S. at 216 ("[T]hat is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.").

I find that the complaint here makes clear that Sergentakis has failed to exhaust his administrative remedies before filing suit. In filing his complaint, Sergentakis answers in the negative two salient questions: (1) "Did you present the facts relating to your complaint to the internal prison grievance procedure?" and (2) "Did you present your claim to the Bureau of Prisons or other Federal agency for administrative action?" (Docket #1 at 2). As to the former question, the form Sergentakis used to submit his complaint notes "[i]f your answer is No, explain"; however, Sergentakis did not explain his failure to utilize that procedure. (Docket #1 at 2).

Sergentakis's opposition to Defendant Channell's motion further evidences his failure to exhaust administrative remedies before filing suit. In his opposition, Sergentakis attaches as an exhibit a rejection notice for administrative remedy, dated August 9, 2016, which indicates that Sergentakis's "complaint regarding the event on 4-27-16[1] was received by the Warden's office on 7-26-16." (Docket #29-1 at 1). Sergentakis's pursuit of an administrative remedy, therefore, postdates his filing of the instant complaint by nearly one month. (See Docket #1). Notably, there is no "futility" exception to the exhaustion requirement, Medina-Claudio v. Rodriguez-Mateo 292 F.3d 31, 25 (1st Cir. 2002), and seeking such remedies after the filing of suit will not satisfy the exhaustion requirement, see id. at 36 ("Exhaustion subsequent to the filing of suit will not suffice.") (citing Booth v. Churner, 532 U.S. 731, 739 (2001) ("The 'available' 'remedy' must be 'exhausted' before a complaint under § 1983 may be entertained.").

---

[1] Presumably, this is a typographical error as the date of the alleged incident is April 7, 2016. (Docket #1).

8

Lastly, even if I were to consider the exhibits Sergentakis attempted to submit for consideration after filing his complaint, (see Docket #10), those exhibits show that Sergentakis did not file a Request for Administrative Remedy until July 22, 2016, after he filed the instant complaint on June 28. (Docket #1). Dismissal for failure to exhaust is mandatory.[2] Maraglia v. Maloney, 365 F. Supp. 2d 76, 80 (D. Mass. 2005) ("While exhaustion under the PLRA is not jurisdictional, it is mandatory for inmates to satisfy this requirement before bringing an action in a court of law.") (citing Porter, 534 U.S. at 520). The foregoing demonstrates that Sergentakis has not complied with the PLRA's administrative remedy exhaustion requirement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Because Sergentakis has not exhausted his administrative remedies prior to filing the instant suit, his complaint is DISMISSED WITHOUT PREJUDICE.

V.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Docket #27) is GRANTED as set forth in this Order. Plaintiff's Complaint is therefore DISMISSED WITHOUT PREJUDICE as to all named Defendants.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] Because dismissal for failure to exhaust administrative remedies is mandatory, I do not address the merits of Defendant Channell's Rule 12(b)(6) motion.